IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:98-CR-00013-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| TERRANCE LAMONT MOORE, | |
| Defendant. | |

This matter comes before the court on Defendant's motion for reconsideration [DE 274] and fifth motion for compassionate release [DE 281]. Defendant is currently serving a sentence of 1107 months after his 1999 conviction at trial of four counts of armed bank robbery and four counts of using a firearm during a crime of violence. DE 84. In January 2021, Defendant moved for compassionate release. DE 219. He then filed three more motions for compassionate release. DE 225; DE 241; DE 263. By written order dated June 6, 2023, this court denied Defendant's four pending motions for compassionate release. DE 266.

Defendant appealed that order. DE 267. He also filed the motion for reconsideration, in which he requests reconsideration or an indicative ruling regarding the court's June 2023 order denying his motions for compassionate release. DE 274 at 1. Because Defendant's direct appeal remained pending, the court deferred consideration of Defendant's motion for reconsideration "[p]ursuant to Rule 37(a)(l)" of the Federal Rules of Criminal Procedure. DE 278 at 1; *see also United States v. Bunch*, 828 F. App'x 185 (4th Cir. 2020). Subsequent to that deferral, in October 2024 the Fourth Circuit affirmed this court's order denying Defendant's motions for compassionate release. DE 282 at 2.

1

After reviewing Defendant's motion for reconsideration, the court concludes that Defendant has not raised any argument that warrants reconsideration of the court's prior order (which has now been affirmed on direct appeal). *See, e.g.*, *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) ("When a party in a criminal case moves for reconsideration, it is within the sole discretion of the district court to determine whether it is appropriate to grant the motion."); *United States v. Young*, 260 F. Supp. 3d 530, 555 (E.D. Va. 2017) (explaining that, in the absence of any "provision in the Federal Rules of Criminal Procedure governing motions for reconsideration, [] courts are guided by analogy to the standards established by the civil rules."), *aff'd*, 916 F.3d 368 (4th Cir. 2019); *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017) (holding that motion for reconsideration "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."). Accordingly, Defendant's motion for reconsideration [DE 274] is denied.

Defendant also filed a fifth motion for compassionate release, which takes the form of a letter to the court. DE 281. In the letter, Defendant expresses "remorse for [his] actions," his "deepest apologies to the victims of [his] crimes," and that, as the years have passed, he has been able to "peel away the layers of [his] past" and "see the error of [his] ways." *Id.* at 1-2. As a result, Defendant requests compassionate release "and a second chance at life beyond [prison] walls." *Id.* at 3.

The court reiterates what it has said previously; Defendant should be "commend[ed] . . . for his rehabilitative efforts" and acceptance of responsibility. DE 266 at 10. But the court does not find that remorse and rehabilitative efforts amount to an extraordinary and compelling reason for a reduction in Defendant's sentence. *See, e.g.*, 18 U.S.C. § 3582(c)(1)(A)(i); 28 U.S.C. §

2

994(t); U.S.S.G. § 1B1.13(d). Even if they did, the court would still decline to reduce Defendant's sentence "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); *see also* DE 266 at 12-13 (discussing Section 3553(a) factors in prior order). For those reasons, Defendant's fifth motion for compassionate release [DE 281] is denied.

SO ORDERED this 1st day of April, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE