IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:98-CR-00013-M

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| TERRANCE LAMONT MOORE, | |
| Defendant. | |

This matter comes before the court on Defendant's "emergency motion" for clarification [DE 293]. The court previously denied Defendant's motion for reconsideration of the court's prior order denying several motions for compassionate release filed by Defendant. DE 288 (denying reconsideration); DE 266 (denying compassionate release). As the court noted in Docket Entry 288, its order denying Defendant's motions for compassionate release was affirmed on direct appeal while Defendant's motion for reconsideration was pending. *See* DE 288 at 1-2; DE 282 (unpublished opinion from Fourth Circuit). Defendant has filed an appeal of the court's order denying his motion for reconsideration. DE 289.

In the instant emergency motion, Defendant requests that the court clarify whether, in denying his motion for reconsideration, the court considered what Defendant describes as an intervening change in controlling law. DE 293 at 2. The court did consider *United States v. Brown*, but found that *Brown* did not require reconsideration in this case because the stacked sentences there involved a defendant "who was not charged with causing *any physical violence or injury*." *United States v. Brown*, 78 F.4th 122, 131 (4th Cir. 2023) (emphasis added). In other words, the defendant in *Brown* engaged in "*nonviolent* drug activity." *United States v. Roberts*, No. 4:04-

1

CR-00370, 2023 WL 5651355, at *6 n.3 (D.S.C. Aug. 31, 2023) (emphasis added), *aff'd*, No. 23-7012, 2024 WL 809990 (4th Cir. Feb. 27, 2024). Unlike there, here Defendant "physically assaulted numerous bank employees during [] four robberies, held a firearm in the faces of numerous victims, threatened to kill victims, and later threatened a juror." DE 266 at 2. *Brown* is not controlling authority when the defendant has "committed an exceptionally violent crime and threatened his victims with physical harm and death." *Carson v. United States*, No. 4:02-CR-00813, 2023 WL 7327138, at *10 (D.S.C. Nov. 7, 2023). Accordingly, the court clarifies that it considered *Brown* when denying Defendant's motion for reconsideration.[1]

SO ORDERED this 29th day of April, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Fourth Circuit likewise affirmed this court's denial of Defendant's motions for compassionate release more than one year *after* publication of *Brown*.